**UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
(Springfield)**

                                                **Civil Docket No.:  12-cv-30146-MAP**

|  |  |
|---|---|
| **MARGARET WAGNER** | ) |
|  | ) |
|     **Plaintiff** | ) |
|  | ) |
| **v.** | ) |
|  | ) |
| **BAYSTATE HEALTH, INC.** | ) |
|  | ) |
|     **Defendant** | ) |

**PLAINTIFF MARGARET WAGNER'S PROPOSED
JURY INSTRUCTIONS**

PLAINTIFF'S REQUEST NO. 1:

<u>Burden of Proof</u>

Some of you have heard the phrase "proof beyond a reasonable doubt."  That is a criminal law standard.  That is not the appropriate standard for you to apply in this case.

In this case, the facts must be established by a preponderance of the evidence.  What does "preponderance of the evidence" mean?  It simply means that a fact is proven if you find that it is more likely to be true than false.

In weighing the evidence, you should think of a scale.  If the evidence is equally divided and the scale does not tip in either direction, then the fact is not proved by a preponderance of the evidence.  If you find that the evidence tips the scale, however slightly, in favor of the fact being false, then the fact is not proved by a preponderance of the evidence.  However, if you find that the evidence tips the

scale, however slightly, in favor of the fact being true, then the fact is proved by a preponderance of the evidence. [1]

---

[1] *Chief Justice for Admin. & Management of the Trial Court v. Mass. Commission Against Discrimination,* 439 Mass. 729, 732-33 (2003); *Weber v. Cmty. Teamwork, Inc.,* 434 Mass. 761, 775 (2001); *Lipchitz v. Raytheon Co.,* 434 Mass. 493, 504 (2001); *Abramian v. President and Fellows of Harvard Coll.,* 432 Mass. 107, 115-19 (2000) (clarifying plaintiff's burden of proof in circumstantial evidence case); *Dartt v. Browning-Ferris Indus.,* 427 Mass. 1, 12 (1998).

PLAINTIFF'S REQUEST NO. 2:

Types of Evidence

There are two types of evidence which you may properly use in reaching your verdict.

One type of evidence is direct evidence.  Direct evidence is when a witness testifies about something he or she knows by virtue of his or her own senses--something he or she has seen, felt, touched, or heard. A document can also constitute direct evidence.

But at other times, motive, intent, or state of mind must be proved indirectly or circumstantially.  Circumstantial evidence is evidence which tends to prove a disputed fact by the existence of other facts. Here, you may examine Baystate's actions and words, and all of the surrounding circumstances, to help you determine what Baystate's motive, intent, or state of mind was when Baystate disciplined, suspended, and subsequently terminated Ms. Wagner.

There is a simple example of circumstantial evidence which is often used. Assume that when you came into the courthouse this morning the sun was shining and it was a nice day.  Assume that the courtroom blinds were drawn and you could not look outside.  As you were sitting here, someone walked in with an umbrella which was dripping wet.  Then a few minutes later another person also entered with a wet umbrella.  Now, you cannot look outside of the courtroom and you cannot see whether or not it is raining.  So you have no direct evidence of that fact.  But on the combination of facts which I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.

Circumstantial evidence is of no less value than direct evidence, for it is a general rule that the law makes no distinction between direct evidence and circumstantial evidence but simply requires that your verdict must be based on a

preponderance of all of the evidence presented.  In making your decision, you may rely on both direct and circumstantial evidence.

5

PLAINTIFF'S REQUEST NO. 3:

Retaliation - In General

Under Massachusetts law, it is unlawful for an employer to take adverse action against an employee in retaliation for the employee's formal or informal complaints about sexual harassment. Similarly, it is unlawful "to coerce, intimidate, threaten, or interfere with another person in the exercise or enjoyment of any right granted or protected by [the Massachusetts Anti-Discrimination Statute]. . . ," including the right to complain about and oppose sexual harassment.[2]

---

[2] See Mass Gen. Laws ch. 151B, §§ 4(4), 4(4A).

Ms. Wagner has alleged that Baystate retaliated against her for (i) reporting an incident of sexual harassment and (ii) filing a Charge of Discrimination with the Massachusetts Commission Against Discrimination.

To prevail on either of her claims of unlawful retaliation, Ms. Wagner "must show that she engaged in protected conduct, that she suffered an adverse action, and that a causal connection existed between the protected conduct and the adverse action."[3]  I instruct you that each of these actions constitute protected conduct under Massachusetts law.

---

[3] *Mole v. University of Mass.* 442 Mass. 582, 591-592 (2004), citing *Mesnick v. General Elec. Co.*, 950 F.2d 816, 827 (1st Cir. 1991); *see also Ritchie v. Dept. of State Police,* 60 Mass. App. Ct. 655, 664 (2004).

PLAINTIFF'S REQUEST NO. 4:

Retaliation - Protected Activity

As I mentioned before, Ms. Wagner must demonstrate that she engaged in protected activity. The phrase "protected activity" may include activities such as complaining to management about sexual harassment and filing a charge with the Massachusetts Commission Against Discrimination about sexual harassment.

In this case, Ms. Wagner alleges that she complained to a hotline and to her supervisor at Baystate that an employee had complained to her about other employees engaging in a conversation of an inappropriate sexual nature during working hours. If you find that Ms. Wagner complained of sexual harassment to Baystate, you may conclude that she engaged in protected activity.

Additionally, the parties do not dispute that Ms. Wagner filed a formal charge of sexual harassment at the Massachusetts Commission Against Discrimination. Such conduct is protected activity under Massachusetts law.[4]

---

[4] *See e.g.* Massachusetts Commission Against Discrimination Sexual Harassment in the Work Place Guidelines, IX (A).

PLAINTIFF'S REQUEST NO. 5:

Retaliation - Adverse Action

To establish that she suffered an "adverse action," Ms. Wagner must prove to you by a fair preponderance of the evidence that she has been materially disadvantaged in respect to salary, grade, privilege, or other objective terms and conditions of employment.  A threat including a threat to act adversely to the employee, may also itself be an adverse employment action.

Adverse employment actions may include the following: termination, discipline, suspension, denial of promotion, demotion in title or duties, transfer to a less favorable position or location, involuntary placement on leave, or decreasing compensation or benefits.

In this case, the parties agree that Ms. Wagner was first suspended from her position as Lead Lab Assistant and was later terminated.  You may conclude that she suffered an adverse employment action.[5]

---

[5] *Bain v. City of Springfield*, 424 Mass. 758, 764-765 (1997).

PLAINTIFF'S REQUEST NO. 6:

<u>Retaliation - Motivating Factor</u>

It is undisputed that Ms. Wagner was subjected to adverse employment actions. You must determine whether any protected activity taken by Ms. Wagner was a motivating factor in Baystate's decision to engage in the adverse actions. In other words, you must determine whether Ms. Wagner's complaints to Baystate and/or filing a Charge of Discrimination with the Massachusetts Commission Against Discrimination regarding sexual harassment were a material and important factor in Baystate's decisions to discipline; suspend and/or terminate Ms. Wagner.

To find in favor of Ms. Wagner, you do not need to conclude that the protected activity was the only reason for Baystate's actions. If Baystate considered the protected activity as a material and important factor in making the decision to engage in the adverse action, then you may return a verdict for Ms. Wagner. Accordingly, if Baystate considered Ms. Wagner's complaints to the Baystate hotline and to her supervisor when deciding to discipline and/or suspend Ms. Wagner, then you may return a verdict for Ms. Wagner. Similarly, if Baystate considered Ms. Wagner's filing of a complaint with the Massachusetts Commission Against Discrimination when deciding to terminate Ms. Wagner, then you may return a verdict for Ms. Wagner.

When deciding Ms. Wagner's retaliation claims, you must consider the totality of the evidence. Direct evidence of a retaliatory motive is not required. You may infer a retaliatory motive from the existence of circumstantial facts by using your reason and common sense.

If you find that any of the reasons given by Baystate for the discipline, suspension and/or termination of Ms. Wagner were untrue, then you may, but are not required to, infer that Baystate has asserted an untrue reason in an attempt to cover up a retaliatory motive, intent or state of mind.[6]

If you find that there was a close temporal proximity between the date when Baystate learned of Ms. Wagner's protected activity and the dates when Baystate took adverse action against Ms. Wagner, you may, but are not required, to infer that discrimination was a material and important ingredient in the decision to take the adverse action.[7]

---

[6] *See Lipchitz v. Raytheon*, 434 Mass. 493 (2001).

[7] See *Pardo v. The General Hospital Corp.,* 446 Mass. 1 (2006), quoting *Mole v. University of Mass.,* 442 Mass. 582, 592 (2004) ("The jury are permitted to infer retaliation from the 'timing and sequence of events.'"); *Ritchie v. Department of State Police*, 60 Mass. App. Ct. 655 (2004)("Close temporal proximity between the protected activity and the adverse employment action permits an inference of the causal nexus necessary for a finding of retaliation.") quoting Cooney, *Understanding and Preventing Workplace Retaliation*, 88 Mass. L.Rev. 3, 13 (2003); *See also Noviello v. Boston,* 398 F.3d 76, 86 (1st Cir. 2005) ("When harassment follows hard on the heels of protected activity, the timing often is strongly suggestive of retaliation.").

PLAINTIFF'S REQUEST NO. 7:

<u>Damages</u>

If you do not find in favor of Ms. Wagner on any of her claims, then you should inform the Court. However, if you find in favor of Ms. Wagner on any of her claims, your next task is to determine an appropriate remedy. Thus, when I give the following instructions on damages, it is with the assumption that you have found in favor of Ms. Wagner on at least one of her claims. If you do not find in favor of Ms. Wagner on any of her claims, you should not consider the instructions on damages.

There are three types of monetary damages that may be relevant to this case: Compensation, Emotional Distress, and Punitive Damages. I will define each of these categories for you.

<u>Lost Compensation</u>

Lost compensation is the amount of money equal to pay and benefits that Ms. Wagner would have received from Baystate if she had not been retaliated against or has lost as a result of Baystate's unlawful actions.

<u>Back Pay</u>

One type of lost compensation damages is back pay. Back pay damages are any wage losses which Ms. Wagner has incurred as a result of Baystate's unlawful conduct from the date you find Baystate began the unlawful actions to the present, minus any pay or wages received by Ms. Wagner during the same period.

Lost back pay need not be calculated to a mathematical certainty. You need only have a reasonable basis for estimating the amount of lost wages that Ms. Wagner has suffered. The goal of awarding lost compensation is to make Ms. Wagner whole.

### Front Pay

If you find that Baystate unlawfully ended Ms. Wagner's employment, you may also award Ms. Wagner front pay damages, that is, the amount of pay that she will lose from the date of your verdict forward.

In determining front pay, you should take into account what Ms. Wagner would have earned but for the unlawful actions against her, reduced by the amount that she will be able to earn through other employment. Thus, if you find that Ms. Wagner would have made more income with Baystate than she will be able to make in her subsequent employment, you may award Ms. Wagner the difference between the amount she would have earned at Baystate and the amount she will be able to earn through other employment.

If you award front pay damages, you should award only the present value of the amount of money that you find that Ms. Wagner will lose in front pay.[8]

### Emotional Distress Damages

You may also award emotional distress damages to Ms. Wagner for any pain, humiliation, disappointment, distress, anger, or anguish which she has demonstrated that she suffered as a direct result of Baystate's unlawful actions. You must decide if Ms. Wagner suffered pain, disappointment, humiliation or anguish and, if so, what amount of money would reasonably compensate her for

---

[8] *Conway v. Electro Switch Corp.,* 402 Mass. 385, 389 (1988) (present value of front pay and make party whole); *Pollard v. E.I. du Pont de Nemours & Co.*, 532 U.S. 843 (2001) (front pay).

what she has endured.  You may consider factors such as the nature and character of the emotional distress; the severity of the emotional distress; and the length of time Ms. Wagner has suffered and reasonably expects to suffer such distress.

In awarding damages for emotional distress, you should consider only the effect of Baystate's unlawful actions on Ms. Wagner.  You may award emotional distress damages even if there were other factors in Ms. Wagner's life that also caused her distress.  However, you may only award emotional distress damages for emotional distress suffered by Ms. Wagner as a result of Baystate's unlawful actions.

Ms. Wagner is competent to testify to the cause and nature of the emotional distress suffered.  Testimony of a psychiatrist or psychologist is not a prerequisite to an award of damages for emotional distress.

Fixing an amount for an emotional distress award is not necessarily an easy task.  You should be careful to base the award on the evidence you have heard and you must use the award to compensate Ms. Wagner for the harm she has suffered as a result of Baystate's unlawful actions.  The award need not be proven to a mathematical certainty.  Use you best judgment in arriving at a fair, reasonable amount to compensate Ms. Wagner.[9]

## Punitive Damages

If you find in favor of Ms. Wagner, you may also consider whether punitive damages are warranted.  Punitive damages are designed to punish unlawful discrimination and retaliation and to deter future wrongdoing by Baystate and other employers.  You may award punitive damages to Ms. Wagner if you find

---

[9] *Stonehill College v. Mass. Comm'n Against Discrimination*, 441 Mass. 549, 576 (Mass. 2004).

that Baystate's unlawful conduct was outrageous such that it warrants condemnation and deterrence.

In determining the amount of punitive damages, it is appropriate for you to consider the magnitude of the harm that Baystate's conduct caused to Ms. Wagner, as well as the potential harm that might occur if such unlawful conduct is not deterred.  Punitive damages should bear a reasonable relationship to the harm that is likely to occur from the unlawful conduct as well as to the harm that actually has occurred.

You may also consider the financial position of Baystate to ensure that it recognizes the punishment, the costs of litigation and the desirability of encouraging plaintiffs to bring wrong doers to trial and .

If you decide to assess punitive damages, you should fix the amount by using calm discretion and sound reason.[10]

                                  The Plaintiff,
                                  Margaret Wagner
                                  By her attorney,

                                  /s/ Tani E. Sapirstein
                                  Tani E. Sapirstein, Esq.
                                  Federal Bar NO. 21160
                                  Sapirstein & Sapirstein, P.C.
                                  1350 Main Street, 12th Floor
                                  Springfield, MA 01103
                                  Email:  Tani@sandslaw.com
                                  Tel:  (413) 827-7500
                                  Fax:  (413) 827-7797

Dated:  February 3, 2014

---

[10] *TXO Prod. Corp. v. Alliance Res. Corp.*, 509 U.S. 443, 459–62 (1993); *Dartt v. Browning-Ferris Indus., Inc.*, 427 Mass. 1, 16–17 (1998); *Bain v. City of Springfield*, 424 Mass. 758, 767–68 (1997); *Labonte v. Hutchins & Wheeler*, 424 Mass. 813, 826–27 (1997).

## **CERTIFICATE OF SERVICE**

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

      Marylou Fabbo, Esq.
      Amelia J. Holstrom, Esq.
      Skoler, Abbott & Presser, P.C.
      One Monarch Place, Suite 2000
      Springfield, MA 01144

Dated: February 3, 2014        /s/ Tani E. Sapirstein
                                        Tani E. Sapirstein